UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO TIMOTHY BAILEY, : | |
| : | |
| Petitioner, : | Civ. No. 19-21392 (RBK) |
| : | |
| v. : | |
| : | |
| DAVID E. ORTIZ, : | **OPINION** |
| : | |
| Respondent. : | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent filed motion to dismiss the Petition for lack of jurisdiction and alternatively argues that the Court should deny the Petition on the merits. (ECF No. 4). Petitioner filed a Reply. (ECF No. 5). For the following reasons, the Court will grant Respondent's motion to dismiss and dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

In 2013, Petitioner pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Bailey*, No. 8:12-cr-00448, (D. Md.), ECF No. 23). The United States District Court for the District of Maryland sentenced Petitioner to, among other things, 192 months in prison. It appears that Petitioner never filed a direct appeal and did not file a § 2255 motion before filing the instant Petition.

On or about December 13, 2019, Petitioner filed the instant Petition, arguing that his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), is invalid due to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). After filing this Petition, on June 4, 2020, Petitioner filed a counseled § 2255 motion, raising the same claim, with his sentencing court. (*United States v. Bailey*, No. 8:12-cr-00448, (D. Md.), ECF No. 27).

In March of 2020, Respondent filed a motion to dismiss the Petition for lack of jurisdiction. (ECF No. 4). Petitioner filed a Reply addressing the merits but appears to concede the issue of jurisdiction. (ECF No. 5, at 3 ("the government argues that 2241 'is not available where a prisoner . . . had an earlier opportunity to present his claim' . . . Petitioner will not rebut this point.")).

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.  DISCUSSION

Petitioner challenges part of his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through §

2

2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

3

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, the Petition does not fall within the *Dorsainvil* exception because Petitioner had an earlier opportunity to seek judicial review of his *Rehaif* claim. At the time he filed this Petition, he had not yet filed a motion under § 2255. Although Petitioner's judgment of conviction became final in 2013, § 2255(f)(3) allows for a one-year limitation period to start from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." *See* 28 U.S.C. § 2255(f)(3).

Petitioner contends that § 2255 is inadequate or ineffective because *Rehaif* is "not . . . applicable on collateral attack."[1] (ECF No. 1-1, at 2). Although some district courts within the Fourth Circuit have held that *Rehaif* is not retroactively applicable to cases on collateral review, "[n]either the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has addressed the issue." *See Boswell v. United States*, No. 09-38, 2020 WL 5415252, at *3 (N.D.W. Va. Aug. 13, 2020), *report and recommendation adopted*, 2020 WL 5414566 (Sept. 9, 2020); *Williams v. United States*, No. 17-241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019).

---

[1] Petitioner also appears to believe that § 2255 is inadequate or ineffective because *Rehaif* "announced a new rule of statutory interpretation and not a rule of Constitutional law," (ECF No. 1, at 3), which would have barred his motion if it were a second or successive § 2255. *See* 28 U.S.C. § 2255(h)(2). The more stringent rule governing second or successive § 2255 motions does not apply in this case, however, as Petitioner had not yet filed a § 2255 motion before filing the instant Petition.

Indeed, as the Third Circuit has held, unlike second or successive motions under § 2255(h), § 2255(f)(3) "allows district courts and courts of appeals to make retroactivity decisions [in the first instance]. *United States v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003)." *United States v. Battle*, No. CR 16-017, 2020 WL 4925678, at *2 (W.D. Pa. Aug. 21, 2020). In fact, Petitioner filed a counseled § 2255 motion with his sentencing court, making such arguments. (*United States v. Bailey*, No. 8:12-cr-00448, (D. Md.), ECF No. 27).

Consequently, because Petitioner could have and *did*, bring his *Rehaif* claim in his sentencing court under 28 U.S.C. § 2255(f)(3), he had an earlier opportunity to raise his claim under § 2255. *See Chavis v. Ortiz*, No. 19-16208, 2020 WL 2215802, at *1–2 (D.N.J. May 7, 2020) (finding that petitioner had an earlier opportunity to raise his *Rehaif* claim under § 2255(f)(3)). Accordingly, this Court does not have jurisdiction under § 2241 to consider the instant Petition.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interest of justice to transfer the Petition because Petitioner has already filed a counseled § 2255 motion, raising his *Rehaif* claim, within one year of *Rehaif*, in the United States District Court for the District of Maryland. (*United States v. Bailey*, No. 8:12-cr-00448, (D. Md.), ECF No. 27).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Respondent's motion to dismiss and dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: October 7, 2020

                 s/Robert B. Kugler
                 ROBERT B. KUGLER
                 United States District Judge